IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO SALGADO-PEREZ,<br><br>    Petitioner,<br><br>  vs.<br><br>U.S. ATTORNEY GENERAL<br>ALBERTO GONZALEZ, et al.,<br><br>    Respondent.<br>_____/ | 1:05-CV-00685-REC-WMW-HC<br><br><br>SECOND REPORT AND<br>RECOMMENDATION TO DISMISS<br>ACTION FOR FAILURE TO PROSECUTE |

      Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      On August 18, 2005, the Magistrate Judge issued a report and recommendation to dismiss Petitioner's case for failure to obey the court's order of July 5, 2005, which ordered Petitioner to submit an application to proceed in forma pauperis or pay the $5.00 filing fee. On August 23, 2005, Petitioner submitted an application to proceed in forma pauperis and a copy of his prison trust account statement. Due to this evidence of Petitioner's attempt to comply with the court's July 5, 2005 order, the Magistrate Judge vacated the report and recommendation on October 11, 2005.

      The application to proceed in forma pauperis submitted by Petitioner on August 23, 2005, was not complete; it did not include the required original signature by a prison official. Furthermore, the copy of Petitioner's prison trust account statement was not certified and did not

1

include the six month period immediately preceding the filing of the petition. On October 11, 2005, the court ordered Petitioner to submit a new application to proceed in forma pauperis and a new copy of his trust account statement, or in the alternative, to pay the $5.00 filing fee, within thirty days of the date of service of the order. The thirty-day period has passed, and Petitioner has failed to comply with or otherwise respond to the court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 27, 2005. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order of October 11, 2005, expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed." Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute. This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may

1  file written objections with the court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the
3  objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)
4  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
5  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
6  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
7  Cir. 1991).
8  IT IS SO ORDERED.
9  **Dated:    December 6, 2005**              <u>    /s/  William M. Wunderlich    </u>
   bl0dc4                                    UNITED STATES MAGISTRATE JUDGE